# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ALL-WAYS LOGISTICS, INC.                                                                    PLAINTIFF

V.                                          NO. 3:06CV00087 JTR

USA TRUCK, INC. and
USA LOGISTICS                                                                              DEFENDANTS

## ORDER

### I. Introduction

Pending before the Court is Plaintiff's Motion to Lift Stay of Execution or Require Adequate Supersedeas Bond.[1] (Docket entry #192.) Before reaching the merits of Plaintiff's Motion, the Court will review the relevant procedural history associated with the entry of the current Supersedeas Bond.

On August 3, 2007, after a two-week trial in Jonesboro, the jury returned a verdict in favor of Plaintiff on its breach of contract claim and awarded damages of $2,966,881.25 against Defendants. (Docket entry #145.) Later, an Amended Judgment was entered in the amount of $3,007,149.83 to reflect an additional approximately $40,000 in damages, an amount that was stipulated to by the parties. (Docket entry #156.)

On August 15, 2007, Defendants filed a Motion for Stay of Execution of Amended Judgment, pending the disposition of its post-trial motions. Defendants did *not* post any security in connection with this request for a stay. (Docket entry #158.)

---

[1]On December 20, 2007, United States District Judge Susan Webber Wright referred Plaintiff's Motion (docket entry #193) based on the parties' earlier written consent to the jurisdiction of a United States Magistrate Judge for the limited purpose of disposing of "Defendants' Motion to Extend Stay of Execution on Judgment and Pending Disposition of Post-Judgment Motions or any other related Motions[.]" (Docket entry #174.)

On August 16, 2007, Plaintiff filed a Motion seeking an award of attorney's fees, pre-judgment interest, and costs. (Docket entry #159.)  In this Motion, Plaintiff requested: (1) pre-judgment interest in the amount of $582,990.00; (2) attorneys's fees totaling $1,318,713.27; and (3) taxable costs.

On August 20, 2007, Plaintiff filed a Response objecting to Defendant's requested stay of execution of the Amended Judgment.  (Docket entry #167.)  In support of its Response, Plaintiff's counsel stated that: (1) he had been informed Defendants would soon be proposing a supersedeas bond, secured by a $4.5 million letter of credit; and (2) if the supersedeas bond and letter of credit were "filed in appropriate form," he "likely [will] withdraw" Plaintiff's Response in opposition to Defendants' request to stay execution of the Amended Judgment.[2]  (Docket entry #167 at ¶ 8.)

On August 21, 2007, Defendants renewed their request to stay execution of the Amended Judgment and requested the Court's approval of a supersedeas bond secured by a $4.5 million dollar letter of credit issued by Bank of America, N.A.  (Docket entry #172.)  The same day, Plaintiff filed a Response objecting to Plaintiff's request because: (1) the proposed bond and letter of credit did not guarantee payment of the Amended Judgment unless Defendants filed a notice of appeal; and (2) the letter of credit contained ambiguous language regarding the steps necessary for presentment and payment. (Docket entry #173.)

On the morning of August 21, 2007, the parties consented to the jurisdiction of a United States Magistrate Judge for the limited purpose of resolving the pending motions to stay execution

---

[2]The amount of the proposed letter of credit *exceeded* the amount of the $3,007,149.83 Amended Judgment by almost $1,500,000.  This strongly suggests that counsel for Plaintiff and Defendants recognized that it was probable attorney's fees and interest might be awarded in the range of $1,500,000.

and for approval of the supersedeas bond. At 2:00 p.m. that afternoon, the Court conducted a telephone conference with counsel and heard arguments on the pending motions. On August 22, 2007, the Court entered an Order which denied Defendants' request for an unsecured stay, but allowed Defendants until noon on August 24, 2007, to submit a revised bond and letter of credit. The Order went on to specify the language which must be included in the bond and letter of credit to avoid the ambiguities contained in those documents, as they originally were proposed by Defendants.

On August 23, 2007, Defendants submitted a revised supersedeas bond and letter of credit reflecting the Court-ordered modifications. (Docket entry #181.) Later that day, the Court entered an Order staying execution of the Amended Judgment and approving the supersedeas bond. (Docket entry #182.)

On December 4, 2007, United States District Judge Susan Webber Wright entered an Order disposing of the parties' post-trial motions. (Docket entry #190.) Defendants' post-trial motions were denied, and Plaintiff's motion for attorney's fees, interest, and costs was granted as follows: (1) attorney's fees were awarded in the amount of $1,002,383.27;[3] (2) prejudgment interest was fixed at $582,990.00; and (3) costs were awarded in the amount of $18,036.52. *Id.*

On December 19, 2007, Plaintiff filed the pending Motion to Lift Stay of Execution or Require Adequate Supersedeas Bond. (Docket entry #192.) Defendants have filed a Response opposing that Motion. (Docket entry #195.) For the reasons discussed below, Plaintiff's Motion

---

[3]Plaintiff's attorney's fee award was based, in part, on the terms of the representation agreement that Plaintiff executed with its attorney. This contract specified a one-third contingency-fee arrangement. The Court's Order held that, if the Eighth Circuit rejected the award of attorney's fees based, in part, on the contingency-fee agreement, Plaintiff should be awarded attorney's fees totaling $217,014.60, using the lodestar method. (Docket entry #190 at 30.)

will be denied.

## II. Discussion

Plaintiff argues that the stay of execution should be lifted or, alternatively, that Defendants should be required to provide additional security up to $5 million, because: (1) the total amount of its award now exceeds the $4.5 million secured by the letter of credit;[4] (2) the irrevocable letter of credit securing the bond is set to expire on August 20, 2008; and (3) Defendant USA Truck, Inc., reported a decline in net income for the third quarter of 2008.  The Court will discuss each of these arguments separately.

First, Plaintiff is correct that the amount of the Amended Judgment, plus attorney's fees, and interest, now exceeds the amount of the $4.5 million letter of credit.  However, *before* Defendants proposed the $4.5 million letter of credit to secure the supersedeas bond, Plaintiff had filed its motion seeking attorney's fees and pre-judgment interest in excess of $1.9 million.  Thus, Plaintiff *knew* that, if the Court granted the requested attorney's fees and pre-judgment interest, the amount of the proposed letter of credit would be $407,149 *less* than the total amount of its Amended Judgment ($3,007,149.83), plus attorney's fees and costs of $1,900,000.

Importantly, at no point after Defendants proposed the $4.5 million letter of credit did Plaintiff object to the amount of the letter of credit on the ground that it was inadequate to secure the payment of the Amended Judgment, plus the as-yet-to-be-awarded attorney's fees and pre-judgment interest.  Thus, the Court sees no reason to revisit an issue that could have been presented to it when

---

[4]The amount awarded to Plaintiff in the Amended Judgment ($3,007,149.83), when combined with the award of attorney's fees and costs ($1,603,409.79), totals $4,610,559.62. Plaintiff also calculates that interest on the awards has been accruing at the rate of $540.70 per day, with more than $70,000 in interest having already accrued.

the question of the supersedeas bond and stay of execution were argued on August 21, 2007.[5]

Second, with respect to the expiration of the letter of credit in August 2008, that issue has already been addressed by the Court in its August 22, 2007 Order:[6]

> The current Letter of Credit is scheduled to expire on August 20, 2008. During the telephone conference on August 21, 2007, counsel for Defendants acknowledged that, if the Amended Judgment is appealed, the Eighth Circuit may not have issued a decision and mandate by August 2008. To take care of the potential problem created by an appeal in this case not being decided and a mandate issued by August 20, 2008, counsel for Defendants agreed that, if thirty (30) days prior to the expiration of the Letter of Credit the Eighth Circuit has not yet issued a final mandate in the appeal of this case, Defendants will: (1) have Bank of America (or some other financial institution which is rated to have equal or greater financial strength and solvency) issue an identical one year irrevocable standby letter of credit, which shall expire on or about August 20, 2009, to secure the Bond guaranteeing the payment of the Amended Judgment, plus attorneys' fees, interest, and costs; or (2) post other security, in the amount of $4,500,000, which is deemed by the Court to be satisfactory to guarantee the payment of the Amended Judgment, plus attorneys' fees, interest, and costs.

(Docket entry #179 at 6-7.) Because the parties agreed that a letter of credit in the sum of $4,500,000 would be adequate to secure the Amended Judgment, plus the as yet unawarded attorney's fees, interest, and costs, through August 20, 2008, they are bound by the terms of their agreement. However, now that Plaintiff's attorney's fees and pre-judgment interest have been awarded, Defendants must use and incorporate those sums into the amount of any new one-year letter

---

[5]During the August 21, 2007 hearing, the Court asked Plaintiff's counsel whether there were any other issues regarding the proposed supersedeas bond and letter of credit, other than the ambiguities associated with whether the bond remained in force if Defendants elected not to appeal and the steps to be taken for presentation and payment under the letter of credit. Plaintiff's counsel raised no other objections to the bond and letter of credit, and said nothing which suggested he was concerned that the amount of the $4.5 million letter of credit might not be adequate to secure the payment of the Amended Judgment, plus attorney's fees, interest, and costs.

[6]Neither party raised the issue of the expiration date of the Letter of Credit. The Court brought up this issue during the August 21, 2007 hearing and suggested that it also needed to be addressed.

of credit that may be issued effective August 20, 2008, if the appeal in this case has not yet resulted in a final adjudication by that date.  Therefore, if it becomes necessary to renew the letter of credit securing the supersedeas bond, the amount of that letter of credit must be increased to $5,000,000.

Finally, Plaintiff points out that Defendant USA Truck, Inc. reported $16,000 in net income in the third quarter of 2008, a 99.5% decrease from the $3.4 million it reported for the same quarter in 2007.  However, Plaintiff acknowledges that this decline was almost entirely attributable to Defendant USA Truck, Inc.'s recognition of the loss associated with the more than $3,000,000 jury verdict during that quarter.  Of course, this prudent accounting decision by Defendant USA Truck Inc., which creates a reserve for payment of any final award in this case, serves to enhance the probability that, even without the supersedeas bond and letter of credit, Defendants will be in a position to pay any final award.

### III. Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Lift Stay of Execution or Require Adequate Supersedeas Bond (docket entry #192) is DENIED.

Dated this 8th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE